### G. & W. MFG. CO. v. DENMAN & DAVIS.

(Supreme Court, Appellate Term. November 30, 1908.)

SALES (§ 445*)—BREACH OF CONTRACT—ACTION FOR DAMAGES.
    In an action for damages for delivering a defective lot of steel, where the evidence showed that the steel was not of the quality ordered, it was error to dismiss the complaint, since plaintiff was entitled to some dam-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ages, if only nominal, even though defendant took back the defective steel.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 445.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the G. & W. Manufacturing Company against Denman & Davis. Defendant counterclaimed. The complaint was dismissed, and judgment rendered for defendant on the counterclaim. Plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Waldo & Ball, for appellant.

Frederick H. Denman, for respondent.

PER CURIAM. Defendants sold to plaintiff two lots of steel. The first lot was for a contract, which plaintiff had with the United States government. The steel was tested by the government experts, found unsatisfactory, and returned to defendant. The second lot was accepted by plaintiff and used by it. The plaintiff sued for $500 damages by reason of the defective first lot. The defendant counterclaims $418 for the second lot. The court dismissed the complaint and gave judgment on the counterclaim with costs.

It seems to us that the great preponderance of evidence establishes the plaintiff's claim that the first lot of iron was not of the quality ordered, and that by reason thereof plaintiff suffered some damages. The counterclaim does not seem to be disputed, but we think it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J. (concurring). When the order of the plaintiff of January 9, 1907, for 2,500 feet of steel, of certain qualifications, was accepted by the defendants, a contract therefor arose between them. From the evidence it does not appear that the defendants expressly warranted the quality of the steel that was delivered and that was alleged not to meet the qualifications, and it is disputed that the defendants, at the time of their acceptance of the plaintiff's order, were conusant of a contract of the plaintiff with the United States government to furnish steel possessing qualifications as per above order of January 9th. That disputed fact was resolved by the trial justice in favor of the defendants, and therefore that contract, with its penalties and consequences for breach, may not be said to have been found within the contemplation of the parties herein when they entered into their own reciprocal obligations. Having, however, proved a breach by the defendants, and although the latter appear to have taken back the defective steel, the plaintiff was entitled to some damage, if it be only nominal, though not to the damage attempted to be proved.

The judgment against the plaintiff must therefore be reversed, and the cause remanded for a new trial.